MARY J. KENNEDY, Respondent, *v.* ROCHESTER CITY AND BRIGHTON RAILROAD COMPANY, Appellant.

In an action to recover damages for personal injuries alleged to have been caused by defendant's negligence, plaintiff may not support his own testimony, as to the effect of the injuries, by proof of declarations to the same effect made by him after the accident, and forming no part of the *res gestæ*, to persons other than a physician in attendance upon him professionally.

*It seems*, the rule was different, prior to the passage of the statute allowing parties to be witnesses.

*It seems* also, that evidence of involuntary exclamations, which are natural concomitants and manifestations of pain and suffering, are still admissible where they form part of the *res gestœ*.

But complaints made which are so far detached from the occurence as to admit of deliberate design, and of their being the product of a calculating policy on the part of the complainant, cannot properly be regarded as part of the *res gestœ*.

*Kennedy* v. *R. C. & B. R. Co.* (54 Hun, 183), reversed.

(Argued October 28, 1891; decided December 1, 1891.)

APPEAL from judgment of the General Term of the Supreme Court in the fifth judicial department, entered upon an order made October 19, 1889, which affirmed a judgment in favor of plaintiff entered upon a verdict and affirmed an order denying a motion for a new trial.

This was an action to recover damages for injuries received through the alleged carelessness of defendant.

The following is the opinion in full:

" The judgment under review awards damages to the plaintiff for injuries sustained as a result of a fall from the platform of one of defendant's street cars, and occasioned, as she alleges, by the negligent conduct of the person in charge of the car, which eventuated in its starting with a ' sudden jerk ' as she was getting on.

" The appellant assigns for error, among other rulings properly presented by exception, that which permitted a sister of the plaintiff to testify to declarations of the plaintiff respecting her sufferings. The questions complained of and the answers thereto are as follows:  Q. State, when she came home, did she complain at all? A. Yes, sir.  Q. State what she complained of.  Defendant's counsel objected as incompetent.  Received and exception.  A. Complained of her side and head.  Pain in her head and side, and didn't get much sleep all night, and then the next morning when she got up she thought she would be able to go to work.  Again the witness was interrogated with reference to the plaintiff's appearance during her illness, and after testifying that she was pale around the mouth and eyes, she was asked:  Q. Did you

notice those? A. Yes, sir; I noticed her eyes; they were dark, and she always complained of a numbness right up her side, and she had kind of a prickling sharp pain, and then she suffered considerable pain in her back.

"Defendant's counsel moved to strike out the evidence that she said she had numbness and prickling pain in her side, as incompetent. Q. Did she say that when you observed evidences of distress; what was her condition when she made that remark; did she appear to be in distress? A. Yes, sir. Motion to strike out denied, and objection overruled and exception.

"While evidence of the character of that under consideration was admissible prior to the statute allowing parties to be witnesses, it is now definitely settled that a party cannot support his own testimony by proof of declarations to the same effect made to persons other than a physician, who is at the time in attendance professionally. (*Roche* v. *Brooklyn City & Newtown R. R. Co.*, 105 N. Y. 294.) Evidence of exclamations which are natural concomitants and manifestations of pain and suffering are still admissible, because regarded as involuntary and natural expressions which a witness may describe for the same reason that he may the appearance of the party. (*Hagenlocher* v. *C. I. & B. R. R. Co.*, 99 N. Y. 136.) Here, as in *Roche's* case, the witnesses testified not to the involuntary exclamations indicating pain, but to answers given to questions asked. But it is urged in *Roche's* case the objectionable evidence related to conversations occurring several weeks after the injury, while here they occurred within a few hours.

"There is no imaginary line somewhere between a few hours and a few days, or a few weeks, on one side of which declarations in favor of a party are admissible in evidence, while on the other they are inadmissible.

"Unless such complaints form a part of the *res gestæ* they cannot be admitted. And if they are so far detached from the occurrence as to admit of the deliberate design and be the product of a calculating policy on the part of the actors, then they cannot be regarded as a part of the *res gestæ*.

" Now, in this case, between the time of the accident and the declarations of pain, plaintiff had walked in a direction opposite to her home to the street-car barns and listened to the conversation which her sister had with the superintendent; then she walked up State street several blocks along which cars were passing every few few minutes to ' the four corners,' where she took a car to Hubbell park, and then walked two blocks home.   Certainly it cannot be asserted that this conversation was an incident of the injury in the sense that it emanated immediately from it, or that it stood in any immediate casual relation to the act of falling and its first effect, or that it was not so far separated from the occurrence as to admit of the formation of a plan to strengthen plaintiff's case against the defendant.

" The contention of the respondent that the evidence could not have harmed the defendant and, therefore, a reversal need not be had, in any event cannot be sustained.   On the trial the defendant attempted to show by the testimony of physicians that the plaintiff was not injured to the extent, if at all, asserted by her.   Physicians who had made a personal examination of the plaintiff testified that they could not discover any other than very slight evidences of injury.   One of them indeed characterizing the plaintiff as a malingerer.

" With such an issue before them it certainly cannot be said that the jury in reaching a conclusion favorable to the contention of the plaintiff, did not attach some importance to the testimony of the witness who related what plaintiff had declared with reference to her pain and its location prior to the commencement of the action.

" The judgment should be reversed."

*Thomas Raines* for appellant.

*P. Chamberlain, Jr.*, for respondent.

PARKER, J., reads for reversal.
All concur.
Judgment reversed.